UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAQUAN EDWARD LOVE,

        Petitioner,                   Case Number: 2:12-CV-12529

v.                                       HONORABLE GERALD E. ROSEN

CATHERINE BAUMAN,

        Respondent.
_____/

## ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Jaquan Edward Love is a state inmate currently incarcerated at the Alger Correctional Facility in Munising, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. The Court concludes that Petitioner has not properly exhausted his state court remedies and dismisses without prejudice the habeas corpus petition.

**I.**

Petitioner was convicted by a jury in Oakland County Circuit Court of first-degree felony murder, three counts of armed robbery, assault with intent to murder, two counts of assault with intent to commit great bodily harm, felon in possession of a firearm, and eight counts of possession of a firearm during the commission of a felony. On April 22, 2009, he was sentenced to life without parole for the murder conviction, 20 to 40 years for each armed robbery and assault with intent to murder convictions, 10 to 15 years for each of the assault

with intent to commit great bodily harm convictions, 60 to 90 months for the felon-in-possession conviction, and two consecutive years for each of the eight felony-firearm convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising these claims: (i) insufficient evidence presented to sustain felony-murder conviction; and (ii) trial court abused its discretion in denying motion to sever the counts relating to two separate criminal transactions. The Michigan Court of Appeals affirmed the convictions. *People v. Love*, No. 291774, 2010 WL 3718943 (Mich. Ct. App. Sept. 23, 2010). The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Love,* 488 Mich. 1048 (2011).

On April 30, 2012, Petitioner filed a motion for relief from judgment in the trial court, raising these claims: (i) Confrontation Clause violation; (ii) ineffective assistance of trial counsel; (iii) ineffective assistance of appellate counsel; (iv) cumulative effect of prejudicial errors violated right to a fair trial; and (v) good cause and prejudice shown for failing to raise these claims on direct appeal. That motion is presently pending in the trial court.

On June 5, 2012, Petitioner filed the pending habeas petition. He raises the claims raised in the state court on direct review and in his motion for relief from judgment.

## II.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section

2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845, 119 S. Ct. at 1732 (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

In this case, Petitioner fails to satisfy his burden of showing exhaustion of state court remedies. Petitioner's motion for relief from judgment, which raises five of the seven claims raised in the habeas petition, is currently pending in state court. Petitioner must complete the state court process before seeking habeas relief in federal court. *See, e.g., Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No.

3

06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254. Petitioner's pending motions appear to concern the factual bases for his current habeas claims – issues which must be fully exhausted before proceeding on federal habeas review. Furthermore, the state proceedings may result in the reversal of his convictions, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *see also Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). Non-prejudicial dismissal of the petition is warranted under such circumstances.

Where a petition contains both exhausted and unexhausted claims, a district court may dismiss the provided the court includes safeguards such that the dismissal will not jeopardize the timeliness of a future habeas petition. *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, June 5, 2012, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon


Petitioner returning to federal court to seek leave to reopen these proceedings within thirty days of exhausting his state remedies. *See id.* at 718.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

### IV.

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that a certificate of appealability is DENIED.


Dated: July 10, 2012                        s/Gerald E. Rosen
                                            Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 10, 2012, by electronic and/or ordinary mail.

                                          s/Michael Williams
                                          Relief Case Manager to the Honorable
                                          Chief Judge Gerald E. Rosen